UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 10-02-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROMINIQUE MARSHALL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Rominique Marshall's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The defendant was sentenced to a term of incarceration of 102 months on August 30, 2010. (The Court directed that this sentence run consecutive to the 18 month term of incarceration imposed for the supervised release violation in Criminal Action No. 3: 04-CR-02-01.) At the time of sentencing, Marshall faced a mandatory minimum term of imprisonment of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A). However, because the United States filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3553(e) and in accordance with United States Sentencing Guideline Section 5K1.1, the Court reduced the defendant's sentence to 102 months, together with the eighteen month term imposed for his violation of supervised release.[1]

---

[1] The information contained in Marshall's motion concerning his guideline calculation is factually incorrect. But for the mandatory minimum term of 120 months required by statute, his actual guideline range would have been 70 to 87 months.

The starting point for the reduction was the mandatory minimum term of 120 months required by statute. That statutory provision has not been abrogated by the recent amendments to the United States Guidelines regarding crack cocaine offenses. Therefore, the Court's rationale for the sentence imposed remains the same. In short, a further reduction of the defendant's sentence is not appropriate because his original sentence was not based upon what the guideline range would have been had the mandatory minimum term not been applicable.

Accordingly, it is hereby

**ORDERED** that Defendant Rominique Marshall's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines [Record No. 53] is **DENIED**.

This 13th day of January, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge